**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2012

Lyle W. Cayce
Clerk

No. 11-51129
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR ALEJANDRO MARTINEZ-PRADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-551-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Omar Alejandro Martinez-Prado appeals the sentence imposed following his guilty plea conviction of illegal reentry into the United States. His sentence comprises 66 months of imprisonment and three years of supervised release. He contends that the 66-month prison sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a). Conceding that he failed to object in the district court, Martinez-Prado nevertheless asserts that plain error

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review should not apply because no objection is required to preserve the issue of the substantive reasonableness of a sentence. He acknowledges, however, that the issue is foreclosed and that he raises it to preserve the issue for further review. We have held that a defendant's failure to object at sentencing to the reasonableness of his sentence mandates plain error review only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). But, even if we reviewed for an abuse of discretion, his arguments are unavailing. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (reviewing a substantive reasonableness of a sentence for an abuse of discretion).

As Martinez-Prado's prison sentence was within the properly calculated guidelines range of 57 to 71 months of imprisonment, it is entitled to a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court determined that a sentence in the middle of the guidelines range was appropriate, given Martinez-Prado's criminal history and his illegal reentry within one year after deportation. Martinez-Prado has not shown a clear error of judgment on the district court's part in balancing the § 3553(a) factors. *See Cooks*, 589 F.3d at 176. He has thus failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See Campos-Maldonado*, 531 F.3d at 338.

Martinez-Prado nevertheless contends that the presumption of reasonableness should not be applied to his sentence because the illegal reentry guideline lacks an empirical basis. This argument too is raised to preserve the issue for further review because, as he acknowledges, it is foreclosed. *See*

No. 11-51129

*United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

As Martinez-Prado has not shown any error, much less plain error, in his sentencing, we AFFIRM the judgment of the district court.